UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS

JAMARCO ROBINSON                                  NO. 19-00140-BAJ-EWD

RULING AND ORDER

Before the Court is Petitioner's *pro se* **Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 77)**. The Government has moved to dismiss Petitioner's Motion. (Doc. 84). For reasons below, Defendant's Motion will be **DENIED** and the Government's Motion will be **GRANTED**.

## I.    BACKGROUND

On October 24, 2019, the Grand Jury returned a one-count Indictment charging Petitioner with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On January 6, 2020, Petitioner pleaded guilty to the sole count in the Indictment subject to a plea agreement. (Doc. 28). In May 2021, the Court sentenced Petitioner to 110 months of imprisonment, to run consecutive to any state sentence. (Doc. 74). Petitioner did not appeal his conviction or sentence. On August 15, 2023, Petitioner filed the instant Motion to vacate his conviction and sentence under 28 U.S.C. § 2255. (Doc. 77).

Petitioner acknowledges that his petition is untimely but asserts that he is "actually innocent of committing any crime" and thus failure to consider his claim would result in a fundamental miscarriage of justice, allegedly overcoming his

procedural default. (Doc. 77 at 7). The Government argues that Petitioner's Motion should be dismissed because it is untimely and he has not made the required showing of actual innocence to excuse the untimeliness of the Motion. (Doc. 84).

## II.    LAW AND ANALYSIS

### A. Standard

Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Specifically, the statute sets forth four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing." 28 U.S.C. § 2255(b).

A petitioner seeking relief under section 2255 must plead sufficient facts to establish a prima facie case of a constitutional violation. *United States v. Woods*, 870 F.2d 285, 287 (5th Cir. 1989). "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 288 n.3.

Finally, and importantly, the defendant must show "actual prejudice" resulting

2

from a constitutional violation in order to warrant relief. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Actual prejudice" occurs when the constitutional error "had substantial and injurious effect or influence" on the outcome of the proceeding. *See id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Section 2255 motions must follow strict timeliness and procedural requirements. With respect to timeliness, relief under Section 2255 is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Typically, a Section 2255 motion must be brought one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). However, the start of the one-year statute of limitations may also be marked by "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Section 2255 is also subject to strict procedural requirements. A collateral challenge may not do service for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Instead, "Section 2255 provides recourse only for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage

of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (internal quotations omitted). A petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *Frady*, 456 U.S. at 168). The cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard that courts apply on direct appeal. *Frady*, 456 U.S. at 166.

Alternatively, petitioners may overcome procedural defaults by making a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). "An actual-innocence claim is only established when it is shown that, in the light of newly-discovered evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)) (internal quotation marks omitted). Importantly, "[t]he Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). Instead, "a credible showing of actual innocence" merely allows a prisoner to overcome a procedural default so that his underlying constitutional claims may be considered on the merits. *See Floyd v. Vannoy*, 894 F.3d

4

143, 154 (5th Cir. 2018) (internal quotation marks omitted).

## B. Discussion

As a threshold matter, Petitioner's Motion is untimely as it was filed more than one year after his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Petitioner argues that his Motion should nonetheless be considered despite these procedural defaults because he is actually innocent of committing any crime, and failure to consider his claim "would result in a 'fundamental miscarriage of justice'." (Doc. 77 at 7) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (1996)). Petitioner alleges he is innocent because "he was convicted for violating 18 U.S.C. § 922(g)(1), a law, as applied to him, that has been ruled unconstitutional." (*Id.*). However, Petitioner appears to misunderstand the applicability of the "actual innocence" exception to achieve habeas review. A credible claim of actual innocence "must be supported by 'new reliable evidence . . . that was not presented at trial'." *Floyd*, 894 F.3d at 155 (quoting *Schlup*, 513 U.S. at 324). Petitioner alleges no new facts in his Motion but merely cites an alleged change in controlling law. Thus, he has not made a credible showing of actual innocence.

Petitioner does not specifically invoke the exception under § 2255(f)(3), but he appears to argue that the United States Supreme Court's ruling in *New York State Rifle & Pistol Association v. Bruen* created a "newly recognized" rule of constitutional law that applies retroactively. 597 U.S. 1 (2022). Under § 2255(f)(3), a movant has "one year from 'the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting 28 U.S.C. § 2253(f)(3)). However, this argument also fails, for two reasons.

First, "[w]hen a movant wishes to make a claim based on a decision by the United States Supreme Court after his conviction becomes final, the movant must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review." *Young v. United States*, No. 2:20-CR-04, 2025 WL 1369375 (S.D. W.Va. May 12, 2025) (citing *Teague v. Lane,* 489 U.S. 288, 308 (1989)). Multiple courts within the Fifth Circuit have held that *Bruen* did not announce a new rule that would apply retroactively to cases on collateral review. *See, e.g., United States v. Woods*, No. CR 21-87, 2025 WL 1810154, at * 3-4 (E.D. La. July 1, 2025); *Kraut v. United States*, No. 3:18-CR-462-K-1, 2024 WL 4544122, at *3 (N.D. Tex. Oct. 22, 2024); *Contreras-Orosco v. United States*, No. 17-00258, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024). *Bruen* did not even announce a new rule as applicable to Petitioner's Motion. *See United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2014) (rejecting facial and as-applied challenges to § 922(g)(1) post-*Bruen*); *United States v. Betancourt*, 139 F.4th 480 (5th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 561 (Jan. 20, 2026) (predicate offenses of aggravated assault are constitutional for purposes of § 922(g)(1)).

6

Secondly, even if *Bruen* had announced a new rule applicable retroactively, Petitioner did not file his Motion within one year of that decision, either. To the extent Petitioner relies on decisions from other Circuit courts, there is no statutory exception to §2255's timeliness requirements for decisions by any court other than the Supreme Court of the United States. *See* 28 U.S.C. § 2253(f)(3). Moreover, those decisions also do not create a new right that applies retroactively to Petitioner's case.

III.    **CONCLUSION**

In sum, Petitioner has failed to make a credible showing of actual innocence as to excuse his Motion's procedural default or to otherwise show that the statute of limitations on his Motion should be tolled. Accordingly,

**IT IS ORDERED** that Petitioner's **Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 77)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **United States' Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 (Doc. 84)** is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Petitioner's related civil action No. 3:23-cv-00738-BAJ is **TERMINATED** and **CLOSED** consistent with the denial of relief set forth herein.

Baton Rouge, Louisiana, this 24th day of June, 2026

**BRIAN A. JACKSON, JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

7