**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA** **CRIMINAL ACTION**

**VERSUS**

**JAMARCO ROBINSON** **NO. 19-00140-BAJ-EWD**

**ORDER**

Before the Court is Defendant's **Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)**, which was filed without the assistance of an attorney. **(Doc. 89).** The Court sentenced Defendant on May 20, 2021. (Doc. 74 at 1). The Motion is opposed. (Doc. 93). For the reasons that follow, the Motion will be **DENIED**.

As a general rule, federal courts "may not modify a term of imprisonment once it has been imposed." *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)). Before Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "federal courts lacked the power to adjudicate motions for compassionate release." *Franco*, 973 F.3d at 467. Now, however, a "[C]ourt . . . may reduce the term of imprisonment" upon request by an inmate. *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)). Courts may hear requests "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The law "therefore outlines two routes a defendant's motion can follow to be

CC: Jamarco Robinson (#09304-095)
USP Florence-High
P.O. Box 7000
Florence, CO 81226

properly before the [C]ourt." *Franco*, 973 F.3d at 467. "Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)). After that, a defendant can choose between "wait[ing] for a response from the BOP and "seek[ing] further administrative review of that response" if the response is adverse or "wait[ing] 30 days after filing his request" with the BOP. *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021). Once 30 days pass from the time when the defendant files his request with the BOP to bring a motion on the defendant's behalf, "whether the BOP has ruled on the request or not," the defendant "is free to file a motion in the district court." *Id.*

The United States Court of Appeals for the Fifth Circuit has held that this statutory requirement of filing a request with the BOP is "mandatory." *Franco*, 973 F.3d at 468. Individuals "who seek a motion for compassionate relief under the First Step Act must first file a request with the BOP." *Id.* at 469.

Here, Defendant alleges that he has exhausted his administrative remedies by submitting a request for compassionate release to the warden on June 1, 2026. (Doc. 89 at 3). However, Defendant does not include any copies of written correspondence to and from the BOP related to his motion, including Defendant's written request to the warden and records of any denial from the agency. (*Id.*) The official form that Defendant used to file his Motion, AO 250, instructs him to do so. (*Id.*)

Additionally, the United States represents that the BOP has advised that, as of September 3, 2026, there "were no records of any compassionate release or RIS [Reduction In Sentence]" requests submitted. (Doc. 93-1 at 1). Because Defendant

has failed to exhaust his administrative remedies prior to filing a motion for compassionate release, his Motion is denied without prejudice. Defendant may file a new motion after exhausting his administrative remedies.

Accordingly,

**IT IS ORDERED** that the **Motion For Sentence Reduction Under 18 U.S.C § 3582(c)(1)(A) (Doc. 89)** be and is hereby **DENIED WITHOUT PREJUDICE** to Defendant's right to file a renewed motion after he has exhausted his administrative remedies.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this order to Defendant at the following address:

Jamarco Robinson (#09304-095)
USP Florence-High
P.O. Box 7000
Florence, CO 81226

Baton Rouge, Louisiana, this 6th day of October, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**